HOWARD H. HILSHEIMER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hilsheimer v. Commissioner
Docket No. 4838-75.
United States Tax Court
T.C. Memo 1976-284; 1976 Tax Ct. Memo LEXIS 118; 35 T.C.M. (CCH) 1275; T.C.M. (RIA) 760284; September 8, 1976, Filed *118 Howard H. Hilsheimer, pro se. Andrew M. Winkler, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $1,781.57 in petitioner's income tax for the calendar year 1971. The questions to be resolved are whether petitioner is entitled to deductions for interest expense and business bad debts. [1]
Petitioner resided in Dayton, Ohio, at the time he filed his petition herein. [2] His return was filed with the District Director of Internal Revenue, Cincinnati, Ohio. On his 1971 return, petitioner took the following deductions on Schedule C: (a) under the heading "Interest on business indebtedness", an amount of $3,904.50 labelled "Loan Pay & Pd. note"; (b) under the heading "Bad debts arising from sales on services", an amount of $5,000.00 labelled "Loss on A/R." As to *119 item (a), it is apparent from petitioner's testimony that no interest payments were made at all and consequently, as a cash basis taxpayer, he can obtain no deduction therefor. To the extent that the amount deducted represented certain debts which were owed by, and not to, petitioner and which he was unable to pay, such indebtedness simply does not qualify for a bad debt deduction, which is the only possible ground for allowance. Additionally, since the proceeds of a loan do not constitute income ( , any claim for deduction would, in any event, run afoul of the rule that a bad debt cannot be claimed for amounts not previously includable in gross income. See . As to item (b), petitioner testified that his books and records were not available because they had been taken by the bookkeeper at about the time the audit of petitioner's return began (and later destroyed by her) and that since then his bookkeeper's whereabouts have been unknown. Despite an attempt by the Court to obtain the barest of details as to the composition of the alleged $5,000 in bad debts in respect *120 of the amounts owed by named debtors or their financial condition at the end of 1971, petitioner did not recall any such information, stating that he could not provide anything without his books and records. Although we recognize the predicament in which the petitioner finds himself, we think that it was incumbent upon him either through his own testimony or perhaps the testimony of others, e.g., one or more of the alleged debtors, to produce some evidence beyond the round figure of $5,000 shown on the return. ; cf. . We are consequently unable even to make an estimate of an allowable deduction. Petitioner has totally failed to carry his burden of proof on this issue. See . Decision will be entered for the respondent. Footnotes
1. Two other items - medical expense and self-employment tax -- will be automatically determined by resolution of the above questions.↩
2. Because a joint return was filed, the statutory notice was issued in the names of Howard H. Hilsheimer and Betty Hilsheimer, but the latter did not file a petition.↩